J-S27013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
             v.                    :
                               :
                               :
RONALD ALONZO SAWYER          :
                               :
          Appellant           :     No. 405 WDA 2021

Appeal from the Judgment of Sentence Entered November 7, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015473-2018

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:            **FILED: November 5, 2021**

       Appellant, Ronald Alonzo Sawyer, appeals from the judgment of
sentence entered on November 7, 2019, as made final by the denial of
Appellant's post-sentence motion on February 22, 2021. On this direct appeal,
Appellant's counsel has filed both a petition for leave to withdraw as counsel
and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738
(1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We
conclude that Appellant's counsel has complied with the procedural
requirements necessary to withdraw. Moreover, after independently
reviewing the record, we conclude that the instant appeal is wholly frivolous.
We, therefore, grant counsel's petition for leave to withdraw and affirm
Appellant's judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

On November 7, 2019, Appellant entered a negotiated guilty plea. Under the terms of the agreement, Appellant agreed to plead guilty to possessing a controlled substance with the intent to deliver ("PWID")[1] and the Commonwealth agreed to recommend a sentence of "two to four years [of] incarceration . . . [, which is] to be followed by a period of probation to be determined by the [trial] court." N.T. Hearing, 11/7/19, at 95 (some capitalization omitted). During the colloquy, the Commonwealth recited the factual basis for Appellant's plea:

> Had this case proceeded to trial the Commonwealth would have called witnesses from the Allegheny County Police Department, namely Detective Jaison Mikelonis and Detective [Timothy] Capp, among others, and they would have testified that in relation to an overdose scenario at the Kane Hospital they began to investigate stamped bags that were delivered to Kane Hospital, and they were led through investigative techniques to a phone number, and they called this phone number, and a person named Ron answered the phone, and through a course of phone calls, one of which was recorded, a controlled buy or undercover buy of drugs was negotiated through these phone calls with this person named Ron at [a specific telephone number], and it was to ultimately occur on December 4, 2018, outside of Kane Hospital.
>
> When officers arrived on scene[,] they . . . received a call shortly before, and they then notified a red Ford Escape driving on scene, and the phone call stated they would see a person with a brown hat, and they needed to speak to them and purchase the narcotics from that person. They did see this person with a brown hat, and they went and spoke to him and asked him, "Are you here for Ron," and this person said, "Yes, I am. What's up?" They then seized this person and found the agreed upon amount of drugs on that person,

---

[1] 35 P.S. § 780-113(a)(30).

which later tested positive for a mixture of heroin and fentanyl.

There were two bundles on that person that they had negotiated to purchase for $120. They then approached the Ford Escape, and they located [Appellant] and a person known as Jerome Sawyer, who was inside that vehicle. They placed the people under arrest, and they searched [Appellant] and they found stamped bags on him, which tested positive for fentanyl and heroin with the stamped name, Good Work, as found on Mr. Fletcher.

They searched [] Jerome Sawyer and found stamped bags on him with the same stamp, Good Work. I would supplement the record with 18-LAB-09599 which was for the stamped bags aforementioned as having the stamp Good Work on them. They were tested, and they tested positive for a mixture of heroin and fentanyl. It should be noted that $777 was found on Mr. Fletcher and a cellular phone, and that cash was found on Mr. Sawyer, and a phone was also found. The phone was found in Mr. Sawyer's hand, and the same user name was on that phone number used to make the calls to Detective Mikelonis, and in fact, Detective Mikelonis' phone number was reflected on that phone as being called around the same time -- well, exactly at the same time as the phone call that was recorded and the other phone calls that were made to and from that phone. . . .

[Appellant] would add to the recitation of the facts that he knew he possessed a controlled substance, and that he believed that controlled substance to be heroin, and he possessed that substance with the intent to deliver it, but he would state that he did not know that there was fentanyl mixed into it.

*Id.* at 102-105.

The trial court accepted Appellant's plea and, on November 7, 2019, the trial court sentenced Appellant in accordance with the negotiated plea agreement. Specifically, the trial court sentenced Appellant to serve a term

of two to four years in prison, followed by three years of probation, for his conviction. *Id.* at 114.

Following the *nunc pro tunc* reinstatement of Appellant's post-sentence and direct appellate rights, Appellant filed a timely post-sentence motion. Within this motion, Appellant claimed that his negotiated sentence was "manifestly excessive, unreasonable, and constitutes too severe a punishment insofar as the sentence was disproportionate to [Appellant's] conduct[,] . . . the court did not take into account [Appellant's] age and rehabilitative needs resulting in [a] sentence that was unreasonable and contrary to the fundamental norms of the Sentencing Code." Appellant's Post-Sentence Motion, 12/22/20, at 2.

The trial court denied Appellant's post-sentence motion on February 22, 2021 and Appellant filed a timely notice of appeal. On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel

has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207.

Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that

counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the **Anders** brief:

> Is the negotiated sentence of two to four years for [PWID] imposed upon [Appellant] by the [trial] court pursuant to the terms of the plea agreement manifestly excessive, unreasonable and too severe a punishment?

Appellant's Brief at 5 (some capitalization omitted).

Appellant's claim on appeal challenges the discretionary aspects of his negotiated sentence. However, as this Court has held, a "challenge to the discretionary aspects of [a] negotiated sentence [] is unreviewable." **Commonwealth v. Reid**, 117 A.3d 777, 784 (Pa. Super. 2015), *citing* **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence"). Indeed, we have found this precise issue wholly frivolous in the **Anders** context. **See O'Malley**, 957 A.2d at 1267. Therefore, in accordance with our precedent, Appellant's claim on appeal is frivolous.

We have independently considered the issue raised within Appellant's brief and we have determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2021